FILED
2013 Nov-18  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN LAMAR KELLOGG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 5:13-cv-8026-LSC-PWG |
| | ) | (5:06-cr-00017-LSC-MHH-1) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OF OPINION

I.    INTRODUCTION

Presently before the Court is the petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on July 26, 2013. (Doc. 1.) Petitioner raises five separate grounds for relief in his § 2255 motion. In an Order dated August 7, 2013, the Court referred grounds 1, 3 and 5 to the magistrate judge for a report and recommendation but stated that the undersigned judge will consider grounds 2 and 4 of the petitioner's motion. (Doc. 2.) The government has responded to the petitioner's § 2255 motion, and the petitioner has replied. Accordingly, the motion is ripe for disposition. As addressed below, grounds 2 and 4 of the petitioner's motion are due to be denied based on the doctrine of procedural default. Grounds 1,

3, and 5 remain pending before the magistrate judge.

II.     BACKGROUND RELEVANT TO GROUNDS 2 AND 4 OF KELLOGG'S
        § 2255 MOTION

Petitioner, Franklin Kellogg ("Kellogg"), was convicted by a jury in this Court on July 9, 2007, of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); one count of knowingly using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3).  He was sentenced on December 5, 2007, to the custody of the Bureau of Prisons to the maximum 300 months on Count 1; 660 months on Count 3 to run concurrently; and the mandatory-minimum 300 months on Count 2 to run consecutive to the other sentences, for a total sentence of 960 months' imprisonment. On December 6, 2007, the judgment was entered which reflected the aforementioned verdict and sentence.

Kellogg thereafter appealed his convictions and sentence, contending that 1) the district court erred by denying his motion to suppress; 2) there was insufficient evidence to establish that he used a firearm during a crime of violence; and 3) his 960-month sentence was unreasonable.

While his direct appeal was still pending, Kellogg filed his first § 2255 motion

in this Court, on October 1, 2008.  *See Kellogg v. United States*, 08-cv-8041-NE.  The Court dismissed his motion without prejudice on October 6, 2008, ruling that it lacked jurisdiction to consider it during the pendency of the direct appeal of Kellogg's conviction and sentence.

On March 11, 2009, the Eleventh Circuit Court of Appeals affirmed Kellogg's convictions and sentence on his direct appeal.

On April 22, 2009, Kellogg filed a second motion in this Court to vacate his sentence pursuant to 28 U.S.C. § 2255.  *See Kellogg v. United States*, 09-cv-8013-LSC-PWG.  Among other things, Kellogg argued that his conviction on Count 3 violated double jeopardy because he had also been convicted in Tennessee of the same conduct.  After directing the government to show cause as to why Kellogg's petition should not be granted, the  Court granted in part Kellogg's § 2255 motion on October 12, 2011.  More specifically, this Court granted Kellogg's § 2255 motion to the extent he sought vacatur of his conviction and associated sentence under 18 U.S.C. § 922(g)(1).  The Court vacated Kellogg's conviction on Count 3 of the indictment, for being a felon in possession of a firearm, and vacated his 660 month sentence as calculated and imposed on that count alone.

The Court set Kellogg's re-sentencing without Count 3 for February 2, 2012.

On that date, Kellogg was re-sentenced to a total of 960 months on Counts 1 and 2. The Court sentenced Kellogg to 300 months for Count 1 and increased his sentence on Count 2 from 300 months to a consecutive 660 months. In imposing the sentence, the Court stated that it reflected the overall plan of how much time Kellogg would serve based upon his overall conduct, and explained that the lengthy sentence was necessary given the nature and circumstances of the offenses and the history and characteristics of the defendant as well as the need to deter criminal behavior and protect the public. The Court entered a judgement incorporating the re-sentencing on February 6, 2012.

On the same day, Kellogg filed a Notice of Appeal of his re-sentencing, arguing that the district court did not have jurisdiction to reconstruct the original total sentence and re-sentence him on convictions that he did not challenge in his § 2255 motion. On October 18, 2012, the Eleventh Circuit Court of Appeals affirmed the district court's re-sentencing on Kellogg's direct appeal.

On July 26, 2013, Kellogg filed the instant § 2255 motion to vacate, set aside or correct his re-sentence. In ground 2 of the instant motion, Kellogg states:

> Kellogg's 660 Month Sentence for 924(c) was Imposed in Violation of his 6th Amendment Right to a Jury Determination of the Facts Triggering the 25 year Mandatory Minimum—Kellogg Lacked Notice of Potential Punishment.

In ground 4, Kellogg states:

> The District Court unconstitutionally amended the Indictment through its jury instructions where it allowed Kellogg to be found guilty on a broader basis of "carry" or "possession", despite the Indictment's charge of "use."

III.   DISCUSSION OF GROUNDS 2 AND 4 OF KELLOGG'S § 2255 MOTION

A.   Timeliness and Non-Successive Nature of Kellogg's § 2255 Motion

As an initial matter, the Court must address two arguments that the government appears to be making in its response brief: 1) that this Court lacks jurisdiction to consider Kellogg's § 2255 motion without an authorizing order from the Eleventh Circuit because it constitutes a second or successive § 2255 motion, and 2) that the motion is also barred by § 2255's one-year statute of limitations. (*See* Doc. 4, at 16-17.)

1.   The Motion is Not a Prohibited Successive Petition

Section 2255(h) of Title 28, U.S. Code, provides that a "second or successive" motion must be certified by a panel of the appropriate court of appeals before proceeding in the district court. However, even though this is not Kellogg's first § 2255 motion, it is not a "successive" petition under that section, given the fact that Kellogg is attacking his new sentence. In *Magwood v. Patterson*, 130 S. Ct. 2788, 2802 (2010), the Supreme Court held that where "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new

judgment is not second or successive at all."  The Court reasoned that "[a]lthough Congress did not define the phrase 'second or successive,' as used to modify 'habeas corpus application under section 2254,' . . . it is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time.'" *Id.* at 2796 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 994 (2007) (alteration in original)). Rather, "both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id*. at 2797.  Although *Magwood* addressed a habeas petition attacking a petitioner's state custody under 28 U.S.C. § 2254, the Supreme Court has subsequently indicated that *Magwood* applies to cases involving § 2255 motions as well.  *See Garza v. United States*, 131 S. Ct. 1469, 1469 (2011) (vacating and remanding for the court of appeals to reconsider whether the defendant's § 2255 motion was successive in light of *Magwood*).

In order for *Magwood* to apply, the Court must ensure that its February 6, 2012 judgment incorporating the re-sentencing of Kellogg without Count 3 constitutes a new judgment.  The Eleventh Circuit has made clear that "the writ and the AEDPA . . . are specifically focused on the judgment which holds the petitioner in confinement." *Ferreira v. Sec'y for the Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir.

2007) (relying on *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007)).  *See also Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011) ("Because . . . a judgment means conviction *and* sentence, we concluded [in *Ferreira*] that the judgment to which AEDPA refers is the underlying conviction and [the] *most recent* sentence that authorizes the petitioner's current detention.") (internal quotation marks and citation omitted).  *See also id.* ("[W]e reasoned in *Ferreira* [] that . . . a judgment is defined as both the conviction *and* the sentence, and [] therefore, when a defendant is resentenced, the defendant becomes confined under a new judgment . . . .").  In light of the foregoing, the Court has no difficulty determining that the February 6, 2012 judgment of this Court on Kellogg's re-sentencing constitutes a "new judgment" as contemplated by the Supreme Court in *Magwood*.

The Court also notes that Kellogg is attacking not only his re-sentencing terms in this motion, but also some aspects of his original conviction (such as in ground 4, addressed *infra*).  Although *Magwood* did not address the question whether a petitioner may also challenge his unaltered underlying conviction in a § 2255 motion attacking his new sentence, the Eleventh Circuit has indicated that *Magwood* permits a petitioner who received an intervening judgment to attack the unaltered prior conviction and not just the new sentence.  In *Campbell v. Secretary for Dept. of*

*Corrections*, 447 F. App'x 25, 27 (11th Cir. 2011), the court noted:

> Although we have not yet considered whether *Magwood* permits a petitioner who received an intervening judgment to attack the unaltered prior conviction, we have ruled that both "[t]he writ and AEDPA" are "focused on the judgment which holds the petitioner in confinement." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007). Specifically, "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Id.* at 1292–93 (holding that a § 2254 petition filed five years after an underlying conviction, but within one year of resentencing, was timely notwithstanding the fact that the petitioner's claims related solely to his underlying conviction). That this view would equally apply to petitioners attacking intervening judgments under *Magwood* finds support from the only two of our sister circuits to have presently addressed this issue. *See, e.g., Johnson v. United States*, 623 F.3d 41, 45–46 (2d Cir. 2010) (persuasive) (holding that, between the *Magwood* and another Supreme Court ruling that judgments included both the adjudication of guilt and the sentence, "[i]t follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both"); *Martin v. Bartow*, 628 F.3d 871, 877–78 (7th Cir. 2010) (persuasive) (observing that *Magwood* permitted challenges that could have been raised previously and was not limited to resentencing).

Thus, even though Kellogg's § 2255 motion attacks not only his re-sentencing terms but also aspects of his underlying conviction, none of the grounds for relief raised in the instant motion is barred by the rule against second or successive petitions. As such, contrary to the government's argument, Kellogg does not need an authorizing order from the Eleventh Circuit before he can proceed with this § 2255 motion.

2.    The Motion is Timely

Additionally, because Kellogg is collaterally attacking his re-sentencing terms, his § 2255 motion is likewise not barred by § 2255's one-year statute of limitations, as the government erroneously argues.  The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for federal prisoners seeking habeas relief.  28 U.S.C. § 2255(f).  The AEDPA provides, in particular, that a defendant has one year from the date his judgment of conviction becomes final to file his § 2255 motion.  *Id.*  As noted above, the Eleventh Circuit has clarified: "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* the sentence the petitioner is serving become final." *Ferreira*, 494 F.3d at 1288.  The instant § 2255 motion is not time-barred because it was filed within the one-year period after his judgment on re-sentencing became final, which occurred on October 18, 2012, or the date the Eleventh Circuit affirmed his re-sentencing.

Again, this is true even though Kellogg's § 2255 motion attacks not only his re-sentencing terms but also aspects of his underlying conviction.  The Eleventh Circuit has made clear that the timely assertion of the challenge to the new sentence revives the claims as to the original conviction as well.  In *Ferreira*, the petitioner filed his

habeas petition more than five years after he was convicted of the crime, but only 57 days after the corrected sentence imposed on re-sentencing had become final.  494 F.3d at 1291.  The Eleventh Circuit held that the petition was filed in a timely fashion, although his petition challenged *only* his underlying conviction and not the corrected sentence imposed on re-sentencing.  *Id.* at 1292-93.

Concluding that the instant § 2255 motion is timely and that it is not an application for which Kellogg was required to seek the permission of the Eleventh Circuit to file, does not mean, however, that this Court need consider the merits of Kellogg's collateral attack.  The Court now turns its attention to whether there nevertheless exists a bar pursuant to the doctrine of procedural default.

B.    Grounds 2 and 4 of Kellogg's § 2255 Motion are Procedurally Defaulted

1.    Ground 2

Kellogg explains that in ground 2, he is claiming that the district court engaged in judicial fact-finding in contravention of *United States v. Alleyne*, 133 S. Ct. 2151 (June 17, 2013), which was decided by the Supreme Court after this Court re-sentenced Kellogg.  In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), the Supreme Court ruled that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be

10

submitted to the jury, and proved beyond a reasonable doubt.  However, at the time of Kellogg's re-sentencing on February 2, 2012, a judge could still decide whether a defendant's conduct met the requirements for a mandatory minimum sentence. *Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406 (2002).  But *Alleyne* overruled *Harris* and holds that any fact that increases a mandatory minimum sentence is an "element" of a crime and not a "sentencing factor" and must be submitted to a jury. 133 S. Ct. at 2155.  Thus in *Alleyne*, the Supreme Court extended the rule of *Apprendi* to facts that increase a mandatory minimum sentence as well.  Kellogg contends that *Alleyne* entitles him to pursue a collateral attack on his re-sentence because the sentence on Count 2 was enhanced from a 5 year minimum to a 25 year minimum based on the Court's finding of a second conviction under 18 U.S.C. § 924 (c)(1)(C)(i), but the "fact" of a second conviction under this section was not found by a jury beyond a reasonable doubt.  *Alleyne* establishes a new rule of constitutional law, but Kellogg's motion insofar as it is based on this ground is still due to be denied due to procedural default.

Kellogg's *Alleyne* claim was not preserved at his re-sentencing nor raised on direct appeal.  The Supreme Court has noted that § 2255 is not a substitute for direct appeal. *Sunal v. Large*, 332 U.S. 174, 178 (1947). "In general, a defendant must assert

an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding." *Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994).

If a defendant fails to pursue an available claim on direct appeal, he is barred from presenting the claim in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error. *Id; see also Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir. 1990), *cert. denied,* 498 U.S. 849 (1990). *United States v. Frady*, 456 U.S. 152, 167-68 (1982). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997). In addition to showing cause, the movant must also demonstrate that he was prejudiced. To show prejudice, he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). This is a demanding standard; it requires the movant to carry a burden "significantly higher than he would be required to satisfy on direct review under the plain-error standard." *Id.* at 167.

Kellogg has offered no argument with regard to cause except to state that any *Alleyne* argument was foreclosed by existing Supreme Court precedent. However, the Supreme Court has stated that "the futility of presenting an objection . . . cannot alone constitute cause for a failure to object at trial." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Thus, even though *Harris*, which was still good law during Kellogg's re-sentencing and direct appeal, precluded a claim that the *Apprendi* rule applied to facts that increase mandatory minimums, any futility argument nonetheless fails because Kellogg never made the argument that any facts that increased his mandatory minimum sentence should have been presented to the jury. *See Engle*, 456 U.S. at 130 (if he "perceiv[ed] a constitutional claim and believe[d] it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

In any event, all of the courts that have addressed it have held that *Alleyne* is not

retroactively applicable to cases on collateral review. *See, e.g., Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. July 10, 2013) (noting that the Supreme Court decided *Alleyne* on direct rather than collateral review and did not declare that its new rule applied retroactively on collateral attack); *Clinton v. Young*, 2013 WL 5233712 (W.D. La. Sept. 16, 2013); *Mingo v. United States*, 2013 WL 4499249, at *2 (W.D. Mich., Aug. 19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.' "); *United States v. Eziolisa*, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley*, 2013 WL 3365139, at *4 (N.D. Ohio, July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction."). A petitioner who collaterally attacks his or her conviction on the basis of a new rule of criminal procedure must establish that the change applies retroactively. *Miller v. United States*, 2013 WL 4441547, at *3 (4th Cir. Aug. 21, 2013) (citing *Bousley v. United States*, 523 U.S. 614, 620 (1998)). As a general rule, rules of procedure, such as the ones announced in *Apprendi,* do not apply

retroactively to cases that became final before the new rule was announced. *Teague v. Lane*, 489 U.S. 288 (1989). Indeed, the Supreme Court did not hold that *Alleyne* is applicable to cases on collateral review, and it is improbable that it would, since it has never given retroactive application to its holding in *Apprendi*.

Based on the above, this Court finds that Kellogg's *Alleyne* claim is procedurally defaulted and further, the Court is unable to conclude that *Alleyne* would afford Kellogg any retroactive relief in any event.

2.      Ground 4

In ground 4 of his § 2255 motion, Kellogg argues that although the indictment charged "use" of the firearm in connection with Count 2, the court allowed evidence of the multiple liabilities of "use," that is, "carry" or "possession" during and in relation to the robbery. He avers that the jury instruction referred to the "broader bases" of carry or possession, neglecting the indicted "use" liability.

This claim is also barred by procedural default because Kellogg did not raise it on direct appeal of his first conviction and sentence. *See Greene*, 880 F.2d at 1305. On direct appeal from his first conviction and sentence, Kellogg tangentially raised a similar issue but not this specific issue. Nor has Kellogg demonstrated cause and actual prejudice that would excuse his procedural default. As noted, a meritorious

claim of ineffective assistance of counsel can constitute cause to excuse procedural default in some circumstances. *See Reece*, 119 F.3d at 1465. But a movant who seeks to overcome the presumption that his counsel's performance met a wide range of professional reasonable judgment may not carry his burden by offering bare accusations and complaints. *Strickland*, 466 U.S. at 690. Aside from asserting that his attorney "abandoned" Kellogg on direct appeal and failed to raise this issue, Kellogg has offered nothing in his § 2255 motion that would excuse the procedural default of this claim due to ineffective assistance of counsel.

The Court also wishes to note that Kellogg's prior § 2255 motion omitted this claim, though it was available at the time because it relates to his original conviction. Although the instant § 2255 motion is not a successive application for which Kellogg was was required to seek the permission of the Eleventh Circuit to file, there can be no question that it represents a second-in-time federal application. *Compare Campbell*, *supra*, 447 F. App'x at 27 ("In light of the resentencing proceeding, the Court determined that, although Magwood's instant petition was second-in-time, it was his first petition 'challenging that intervening judgment.' ") with *Magwood, supra*, 130 S. Ct. at 2796 ("[I]t is well settled that the phrase ['second or successive'] does not simply 'refe[r] to all § 2254 applications filed second or successively in time[.]'").

"Claims not raised in a prior petition, although previously available, are barred by procedural default absent showing of cause of actual prejudice."  Section 2255 Rule 9(b).  *Macklin v. Singletary*, 24 F.3d 1307, 1310-13 (11th Cir. 1994), cert. denied, 115 S. Ct. 1122 (1995).  *See also McCleskey v. Zant*, 890 F.2d 342, 346 (11th Cir. 1989) ("A 'successive petition' is one that raises a claim already adjudicated through a prior petition, while a petition that raises grounds for relief not raised in the prior petition is analyzed as an 'abuse of the writ.'").  Upon consideration of the principles that guide abuse of the writ analysis, it is clear to the Court that *Magwood* and the abuse of the writ doctrine can coexist in a case like the present where the record is clear that the petitioner had access to all information he needed to press the claim he now presses in the instant case to his unaltered conviction when he filed his first § 2255 motion in this Court on April 22, 2009.  *See Magwood*, 130 S. Ct. at 2802  ("Here, we underscore only that procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not.").  This claim has long been known to Kellogg, and the Court finds that he has lost any right to challenge the alleged error by not raising it in his first habeas corpus attack in this Court.  The claim is not made "new" by the intervening judgment on re-sentencing. This claim is old, as it was ripe when the first federal petition was filed and should

17

have been raised and developed during the pendency of that petition.

## IV.    CONCLUSION

Kellogg has procedurally defaulted on the claims he raises in grounds 2 and 4 of his § 2255 motion, and has not established cause and prejudice to excuse the default.  Thus, the claims are due to be dismissed.  Grounds 1, 3, and 5 remain pending before the magistrate judge.  An appropriate order will be entered.

Done this <u>18th</u> day of <u>November 2013</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]