UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **FRANKLIN LAMAR KELLOGG,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:13-cv-8026-RDP-SGC |
| | ) (5:06-cr-0017-RDP-SGC-1) |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on two motions filed by Petitioner Franklin Lamar Kellogg: (1) a motion seeking relief from judgment under Rule 60(b) of the *Federal Rules of Civil Procedure* and (2) a motion requesting an order directing the Government to respond to the Rule 60(b) motion. (Docs. 36, 38).[1] For the reasons to follow, the court will deny the Rule 60(b) motion and terminate the motion requesting an order directing the Government to respond to the Rule 60(b) motion as moot.

**I.     Background**

A federal jury sitting in the Northern District of Alabama convicted Kellogg of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) ("Count One"); knowingly using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"); and possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). *See United States of America v. Kellogg*, No. 5:06-cr-0017-RDP-SGC-1 (N.D. Ala. filed Feb. 1, 2006) at Docs. 33-35. On December 6, 2007, the district court entered a judgment

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

reflecting this verdict and sentencing Kellogg to 300 months on Count One, 660 months on Count Three to run concurrently with Count One, and 300 months on Count Two to run consecutively to Counts One and Three, for a total of term of imprisonment of 960 months. (*See id.* at Doc. 49). Kellogg appealed the judgment of conviction and, while his appeal was pending, filed his first motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (*See id.* at Docs. 50, 58). The district court dismissed that motion without prejudice on the ground it lacked jurisdiction to consider it during the pendency of Kellogg's direct appeal. (*See id.* at Doc. 59).

After the Eleventh Circuit Court of Appeals affirmed Kellogg's judgment of conviction on direct appeal, Kellogg filed his second § 2255 motion in the district court. (*See id.* at Docs. 61, 63). As one ground for relief, Kellogg argued his conviction on Count Three constituted double jeopardy because he had been convicted of the same offense in Tennessee. (*See id.* at Doc. 63). The district court granted Kellogg's second § 2255 motion on that ground and vacated Kellogg's conviction on Count Three, together with the 660-month sentence imposed for that conviction. (*See id.* at Docs. 73-74). The district court resentenced Kellogg to 300 months on Count One and 660 months on Count Two to run consecutively to Count One, resulting (again) in a total of term of imprisonment of 960 months. (*See id.* at Doc. 89). Kellogg appealed. (*See id.* at Doc. 90). On October 18, 2012, the Eleventh Circuit affirmed Kellogg's new sentence on direct appeal. (*See id.* at Doc. 100).

Kellogg filed a third § 2255 motion on July 26, 2013, raising five claims for relief. (Doc. 1). The court denied the motion in its entirety. (Docs. 8, 9, 29, 35). As relevant here, the court determined Kellogg had procedurally defaulted on the fourth claim raised in the motion ("Claim Four") by failing to present the claim on direct appeal from his original judgment of conviction or demonstrate cause and prejudice that would excuse the procedural default. (Doc. 8 at 15-18). The

court entered the Memorandum Opinion and Order denying Claim Four on November 18, 2013. (Docs. 8, 9).

On February 26, 2020, Kellogg filed the presently pending Rule 60(b) motion. (Doc. 36).[2] He challenges the denial of Claim Four on the ground of procedural default and argues the court should have reached the merits of the claim. (Doc. 36).[3]

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez*, 545 U.S. at 528. Rule 60(b)(4), the particular subsection invoked by Kellogg, permits a case to be reopened if "the judgment is void." *See* FED. R. CIV. P. 60(b)(4). "A judgment is not void . . . simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271; *see also Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1334 (11th Cir. 2023) ("Rule 60(b)(4) relief is limited to situations where a judgment was issued without jurisdiction or in violation of due process.") (citing *Espinosa*); *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014) (identifying failure to effect proper service as an example of defective due process in the

---

[2] By operation of the "prison mailbox rule," a *pro se* prisoner's submission is deemed filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Absent evidence to the contrary, a *pro se* prisoner's submission is presumed to have been delivered to prison authorities for mailing on the date the prisoner signed the submission. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Therefore, while Kellogg's Rule 60(b) motion was docketed as filed on March 2, 2020, the motion is deemed filed on February 26, 2020, the date Kellogg signed the motion. (*See* Doc. 36 at 7).

[3] A Rule 60(b) motion challenging the denial of a claim made in a § 2255 motion as procedurally defaulted is not treated as a successive § 2255 motion requiring prior appellate court authorization. *See Gonzalez v. Crosby*, 545 U.S. 524, 528-33, 532 n.4 (2005) (addressing Rule 60(b) motion in the context of a proceeding under 28 U.S.C. § 2254); *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011 (extending holding of *Gonzalez* to the § 2255 context), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus. – Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017).

Rule 60(b)(4) context). Kellogg's argument – that the court erred in denying Claim Four on the ground of procedural default and should have reached the merits of the claim – does not concern an alleged jurisdictional error or the type of due process violation contemplated by Rule 60(b)(6).

The argument may be cognizable under subsection (1) of Rule 60(b). That subsection permits a case to be reopened by reason of "mistake, inadvertence, surprise, or excusable neglect." *See* FED. R. CIV. P. 60(b)(1). A "mistake" under Rule 60(b)(1) includes "all mistakes of law made by a judge." *Kemp v. United States*, 596 U.S. 528, 533-34, 539 (2022); *see also Bainbridge*, 75 F.4th at 1334 (recognizing holding of *Kemp*). However, a motion under Rule 60(b)(1) must be filed within "a reasonable time" not to exceed one year. *See* FED. R. CIV. P. 60(c)(1). Therefore, even if the argument Kellogg makes in the presently pending motion is cognizable under Rule 60(b)(1), the motion comes more than five years too late.

The court notes that even if Kellogg cannot assert a Rule 60(b)(1) claim, that does not necessarily foreclose a claim under Rule 60(b). That subsection permits a case to be reopened for "any [] reason [other than the ones specifically enumerated in Rule 60(b)] that justifies relief." *See* FED. R. CIV. P. 60(b)(6); *see also Kemp*, 596 U.S. at 533 (noting "[Rule 60(b)(6)] is available only when Rules 60(b)(1) through (b)(5) are inapplicable."). "Motions under Rule 60(b)(6) are not subject to the additional 1-year constraint." *Kemp*, 596 U.S. at 533. They simply must be made within "a reasonable time." *See* FED. R. CIV. P. 60(c)(1). Nonetheless, as explained below, Kellogg's motion is still untimely.

"[A] determination of what constitutes a reasonable time depends on the facts in any given case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." *Kerruish v. Essex Holdings, Inc.*, 839 F. App'x 428, x n.6 (11th Cir. 2021) (citing *Lairsey v.*

*Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)).[4]  Five years and three months is not a reasonable time within which to seek relief from a judgment under Rule 60(b)(6), absent an explanation justifying the delay.  *See Edwards v. United States*, 2017 WL 4019454, at *3 (S.D. Ala. Aug. 9, 2017) (determining between five-and-a-half and six years was not a reasonable time within which to seek Rule 60(b) relief, absent explanation justifying "such a lengthy delay"), *report and recommendation adopted sub nom. Edward v. United States*, 2017 WL 4019431 (S.D. Ala. Sept. 12, 2017); *Ramsey v. Walker*, 304 F. App'x 827, 829 (11th Cir. 2008) (holding district court did not abuse discretion in determining six years after denial of habeas petition, and two years after issuance of cases on which reliance was placed, was not a reasonable time within which to seek Rule 60(b) relief).  Kellogg offers no explanation for the significant period of time (over five years) that elapsed between entry of the memorandum opinion and order denying Claim Four as procedurally defaulted and the submission of his Rule 60(b) motion.

For these reasons, the court **DENIES** Kellogg's Rule 60(b) motion (Doc. 36) and **TERMINATES** his motion requesting an order directing the Government to respond to the Rule 60(b) motion (Doc. 38) as **MOOT**.  Additionally, the court **DENIES** a certificate of appealability.  *See Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) (holding certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion in a § 2255 proceeding).

> [I]n cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims . . . a petitioner will be granted a certificate of appealability only if he makes *both* a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong.  These two substantial showings, both procedural and substantive, mean that it must be debatable among reasonable jurists both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong.

---

[4] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit.  *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*Id.* at 1295 (internal quotation marks omitted and alteration adopted). Based on the foregoing discussion, the court is of the opinion Kellogg has not made the requisite showing.

**DONE** and **ORDERED** this April 22, 2025.

      **R. DAVID PROCTOR**
      CHIEF U.S. DISTRICT JUDGE